

FILED

08/13/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0492

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0492

PARK COUNTY ENVIRONMENTAL COUNCIL
and GREATER YELLOWSTONE COALITION,

Plaintiffs and Appellees,

v.

MONTANA DEPARTMENT OF ENVIRONMENTAL
QUALITY and LUCKY MINERALS, INC.,

Defendants and Appellants,

and

STATE OF MONTANA, by and through the
Office of the Attorney General,

Intervenor and Appellant.

O R D E R



FILED

AUG 1 3 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Pursuant to the Internal Operating Rules of this Court, this cause is reclassified for oral argument before the Court sitting en banc and is hereby set for argument on Wednesday, September 30, 2020, at 9:30 a.m. in the Courtroom of the Montana Supreme Court, Mazurek Justice Building, Helena, Montana. Any counsel wishing to participate in the argument remotely shall contact the Clerk of Court to make arrangements.

IT IS FURTHER ORDERED that pursuant to M. R. App. P. 17(3), oral argument times in this cause number shall be 40 minutes for the Appellants and the Intervenor and 30 minutes for the Appellee.

The Court has considered all briefing in this matter, including the supplemental briefs the parties submitted at the Court's request. DEQ acknowledges in its briefing that a limited remand is appropriate for the agency to conduct a supplemental environmental review regarding (1) the environmental impacts on wildlife resulting from improvements to the existing access road, and (2) the mitigation plan for containing artesian flow during the exploratory drilling process. Whether the Court affirms or reverses the other points at

issue, the case likely will be returned to the agency for additional review, thus bringing focus to the question whether Lucky Minerals should be allowed to proceed with exploration pending completion of that review process, which the District Court enjoined. The Attorney General argues in part that the Court should avoid the constitutional question presented on appeal because there are enforcement remedies available under substantive environmental statutes, most notably the Metal Mine Reclamation Act, citing §§ 82-4-349 and -354, MCA. In addition to other issues raised in their briefs, counsel should be prepared to address whether an alleged failure to comply with MEPA requirements could be redressed through a challenge to the exploration license under the MMRA, the Water Quality Act, "or some other substantive environmental law," as the Attorney General suggests.

The Clerk is directed to provide a copy hereof to all counsel of record and to the Honorable Brenda Gilbert, District Judge.

DATED this 12th day of August, 2020.

For the Court,

By _____
Chief Justice

2